## Commonwealth v. Kistler

Before Garb, Mountenay and Rufe, JJ.

*Thomas R. Hecker,* for Commonwealth.
*Forrest G. Schaeffer, Jr.,* for defendant.

GARB, J., April 26, 1973.—Pursuant to a writ of certiorari issued by this court, defendant challenges the sufficiency of the proceedings before a district justice of this county. The proceedings were instituted before the district justice on May 30, 1972, by virtue of a criminal complaint charging him with violation of the Act of June 21, 1961, P. L. 490, sec. 1, 75 PS §1004, failure to drive to the right. A hearing was held therein at which time defendant was found guilty. Defendant thereupon posted the sum of $40 as bail and perfected the within writ of certiorari.

In the petition for a writ of certiorari, defendant chronicles a list of alleged defects in the proceedings below which he asserts as cognizable on this proceeding on certiorari. We are satisfied that his position is well taken on the first of these and, therefore, we do not reach the others.

The criminal complaint, in setting forth the nature of the charges against defendant, provides, in relevant part, as follows:

"The acts committed by the accused were: Vehicle Code: 1004 fail to drive to right while operating a

Mack T.T. Bearing Penna. registration #CC81604, operator's #13419255 for Pa. West on Street Rd. at Ann Drive resulting in an accident."

We are satisfied from the authorities cited to us by defense counsel and from our own research that this is an insufficient allegation of the nature of the charges against defendant and it therefore fails to charge any violation of The Vehicle Code. The act in question provides, in relevant part, as follows:

"Upon all highways of sufficient width, except upon one-way streets, the driver of a vehicle shall drive the same upon the right half of the highway and shall drive as closely as possible to the right-hand edge or curb of such highway."

As stated in Commonwealth v. Brewer, 50 D. & C. 2d 497 (1969), the information failed to state that the road was of sufficient width, nor did it state that the street was a two-way street, nor did it negate the several exceptions contained in other portions of section 1004 of The Vehicle Code. Although the specific averment regarding the several exceptions is not necessary, the information is fatally defective for failure to state all of the elements of the offense, to wit, that it was upon a highway of sufficient width, a two-way street, and that the operator failed to operate to the right-hand side. While the information should not be stricken on pure technicalities and where the substances of the offense is adequately stated, nevertheless, sufficient averments must exist and facts stated to indicate the existence of all of the essential elements of the offense so that defendant may be put on notice of the nature of the charges against him: Commonwealth v. Grover, 42 D. & C. 2d 767 (1967). The bare assertion that defendant failed to operate his motor vehicle to the right side of the highway is not sufficient allegation to charge violation

of this section of The Vehicle Code: Commonwealth v. Warner, 3 D. & C. 2d 497 (1955). This being a jurisdictional irregularity, it may be raised at any time (Commonwealth v. Ide, 20 D. & C. 2d 358 (1960)), and, therefore, obviously, on this writ of certiorari.

For the foregoing reasons, we have determined that the certiorari is well founded and that the prosecution must be dismissed. Accordingly, we enter the following

### ORDER

And now, to wit, April 26, 1973, it is hereby ordered, directed and decreed that the conviction of defendant is hereby reversed and defendant discharged.